**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| East Valley Professional Center Association,<br><br>        Plaintiff,<br><br>vs.<br><br>Hartford Casualty Insurance Company, et al.,<br><br>        Defendants. | No. CV-12-02463-PHX-PGR<br><br>ORDER |

The defendants removed this action on November 15, 2012 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to properly allege the existence of diversity jurisdiction.

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling

v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990). The defendants have not met their jurisdictional pleading burden because the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of any of the parties.

First, the allegation regarding the plaintiff's citizenship is facially deficient because Notice of Removal alleges that "[a]ccording to the Complaint Plaintiff is domiciled in Maricopa County, Arizona[,]" but the complaint merely alleges that the plaintiff "is a domestic corporation doing business in Maricopa County, Arizona." In order to properly allege the citizenship of the plaintiff, the defendants must affirmatively set forth both the state by which the plaintiff was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) (Court noted that "an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction.)

Second, the allegation regarding defendant Hartford Casualty Insurance Company's citizenship is facially deficient because the Notice of Removal only alleges that it "is a foreign corporation with its principal place of business in Hartford, Connecticut." What is missing is an affirmative allegation setting forth the state by which it was incorporated.

Third, the allegation regarding defendant Jeremy John's citizenship is facially deficient because it merely states that he "is an individual residing in Chandler, Arizona." It is black letter law that an allegation of residency does not suffice for purposes of § 1332. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly

1 different things within the meaning of the Constitution and the laws defining and
2 regulating the jurisdiction of the ... courts of the United States; and that a mere
3 averment of residence in a particular state is not an averment of citizenship in that
4 state for the purpose of jurisdiction."); *accord,* Kanter v. Warner-Lambert Co., 265
5 F.3d 853, 857-58 (9th Cir. 2001) ("Pfizer's notice of removal ... state[s] that Plaintiffs
6 were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332,
7 speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of
8 citizenship was fatal to Defendants' assertion of diversity jurisdiction.")

9 Furthermore, given the defendants' attempt to allege that defendant John is
10 a citizen of Arizona, the Notice of Removal is procedurally deficient because it fails
11 to explain therein why removal is proper in light of the non-forum defendant rule of
12 28 U.S.C. § 1441(b)(2).

13 In order to cure the jurisdictional pleading deficiencies noted in this Order, the
14 Court will require the defendants to file an amended notice of removal that properly
15 states the citizenship of each party.  The defendants are advised that their failure to
16 timely comply with this Order will result in the remand of this action pursuant to 28
17 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  Therefore,

18 IT IS ORDERED that the defendants shall file an amended notice of removal
19 properly stating a jurisdictional basis for this action no later than **December 7, 2012**.

20 DATED this 26th day of November, 2012.

Paul G. Rosenblatt
United States District Judge